the reasons as stated in the very clear opinion of the learned judge of the court below. Referring to this opinion, In re Wyoming Valley Ice Co. (D. C.) 153 Fed. 787, the judgment of the court below is affirmed.

---

## In re LANS.

### (Circuit Court of Appeals, Second Circuit. November 7, 1907.)

### No. 49.

BANKRUPTCY—PETITION FOR REVIEW—SCOPE.

On a petition of a bankrupt which brings up for review only an order of the District Court adjudging him in contempt for failure to obey a prior order requiring him to turn over property, the propriety of such prior order cannot be considered.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York.

M. M. Greenstein, for petitioner.

G. A. Seixas (Almeth W. Hoff, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Having failed to secure a review of the order of December 14, 1906, which found that the bankrupt was concealing property and directed him to turn it over to the trustee, he is in no position to question its propriety upon this petition, which brings up only the order adjudging him to be in contempt for failure to comply with the provisions of said order of December 14th.

The order of the District Court is affirmed.

---

## ELECTRIC STORAGE BATTERY CO. v. GOULD STORAGE BATTERY CO.

### (Circuit Court of Appeals, Second Circuit. August 24, 1907.)

### No. 255.

1. PATENTS—SCOPE—CONSTRUCTION OF CLAIMS.

While a patentee is entitled to all the beneficial uses of his invention, when the property or function is inherent in the invention or is described or claimed by him, yet where such change or function is neither described nor claimed, and especially where other changes are described and insisted on as essential and specifically claimed, it is significant proof that the change which has not been disclosed by him to the public is not his invention.

2. SAME—INFRINGEMENT—ELECTRIC CURRENT REGULATOR.

The Mailloux patent, No. 430,868, for a regulating system for electric circuits, construed, and held valid, as disclosing a patentable improvement on the devices of the prior art, but, as limited by its terms, not infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.