ENGEMOEN v. CHICAGO, ST. P., M. & O. RY. CO.

(Circuit Court of Appeals, Eighth Circuit.   February 2, 1914.)

No. 3940.

1. CARRIERS (§ 207*) — CARRIAGE OF LIVE STOCK — SPECIAL CONTRACTS — VALIDITY.

A contract by an interstate carrier to transport live stock to their destination within a limited time was void, unless authorized or provided for by its published tariffs.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 129–239;  Dec. Dig. § 207.*]

2. JUDGMENT (§ 199*)—JUDGMENT NOTWITHSTANDING VERDICT—EFFECT OF EVIDENCE.

In an action against an interstate carrier for failure to transport live stock to their destination within a limited time, where the invalidity of the contract for such transportation, because not authorized or provided for by the carrier's published tariffs, did not appear on the face of the pleadings, it was a matter of defense to be proved; and hence, though the trial court thought this defense was made out, in setting aside a verdict for plaintiff, it should have granted a new trial, instead of rendering judgment for defendant, as the proof at the second trial might not be the same.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375;  Dec. Dig. § 199.*]

In Error to the District Court of the United States for the District of Minnesota;  Charles A. Willard, Judge.

Action by Halvor Engemoen against the Chicago, St. Paul, Minneapolis & Omaha Railway Company.   Judgment was rendered for defendant notwithstanding a verdict for plaintiff, and plaintiff brings error.   Reversed and remanded.

Paul J. Thompson, of Minneapolis, Minn. (Adolphe C. Peterson, of Minneapolis, Minn., on the brief), for plaintiff in error.

Richard L. Kennedy, of St. Paul, Minn., for defendant in error.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge.   This was an action for damages for breach of an alleged contract to transport for plaintiff, in 24 hours, two lots of cattle from South St. Paul, Minn., to Chicago, Ill.   The transportation was at regular tariff rates;  the complaint was on account of the excess of time taken.   A trial to a jury resulted in a verdict for the plaintiff.   Afterwards, on motion of the defendant, the court rendered judgment in its favor, notwithstanding the verdict.

[1, 2] If the contract for transportation within the limited time was not authorized or provided for by the defendant's published tariffs it was void.   Chicago & Alton R. Co. v. Kirby, 225 U. S. 155, 32 Sup. Ct. 648, 56 L. Ed. 1033.   But the invalidity did not appear on the face of the pleadings, and did not arise from mere legal presumption.   It was a matter of defense, and rested in proofs submitted to the jury. Though, notwithstanding the verdict, the court thought the defense

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was made out, it could not be said as of law that the proofs at a second trial would be the same. Under such circumstances a new trial should have been granted, not a judgment for defendant contrary to the verdict. Slocum v. Insurance Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879.

A judgment for plaintiff on a third count for an overcharge was rendered by agreement, and is not in controversy here. The judgment on the first and second counts is reversed and the cause is remanded for a new trial as to them.