### POWER v. FUHRMAN.

### In re FUHRMAN.

#### (Circuit Court of Appeals, Ninth Circuit. February 15, 1915.)

#### No. 2344.

1. BANKRUPTCY ⚙136—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—ENFORCEMENT BY CONTEMPT PROCEEDINGS.

The duty of a bankrupt and his wife to comply with a judgment requiring them to pay over to the trustee money which the referee and District Judge found to be in their possession and under their control was enforceable by contempt proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⚙136.]

2. BANKRUPTCY ⚙136—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—ENFORCEMENT BY CONTEMPT PROCEEDINGS.

In contempt proceedings for the enforcement of a judgment requiring a bankrupt and his wife to pay to the trustee money found to be in their possession and under their control, the burden was upon the wife to prove her claimed inability to comply with the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. ⚙136.]

---

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⬅️136—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—EN-
FORCEMENT BY CONTEMPT PROCEEDINGS.

In such proceeding, the burden resting upon the wife to ·show her in--
ability to comply with such judgment was not discharged or satisfied by
a finding that the court was unable to find that the wife had the ability
to turn over such money, or any part thereof, to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235;
Dec. Dig. ⬅️136.]

4. BANKRUPTCY ⬅️136—ORDERING DELIVERY OF PROPERTY TO TRUSTEE—EN-
FORCEMENT BY CONTEMPT PROCEEDINGS.          .          .

In such proceeding, the question of the wife's ability to turn such
money over to the trustee as ordered was one of fact, and the court erred
in holding that under the community property laws of the state, giving
the husband complete possession, control, and management of community
property, a presumption arose, as a matter of law, that the wife no longer
had in her possession or control the money so ordered paid.·

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235;
Dec. Dig. ⬅️136.]

Petition to Revise, in Matter of Law, a Certain Order of the District
Court of the United States for the Northern Division of the Western
District of Washington; Edward E. Cushman, Judge.

In the matter of Daniel Fuhrman, bankrupt. On a petition by J. B.
Power, as trustee in bankruptcy of Daniel Fuhrman, bankrupt, to re-
vise, in matter of law, a certain order discharging a prior·order requir-
ing Ray Fuhrman to show cause why she should not be punished for
contempt. Reversed and remanded.

Leopold M. Stern, of Seattle, Wash., for petitioner.

E. H. Guie, of Seattle, Wash., for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This is a petition to revise the judgment of
the court below discharging an order theretofore made requiring the re-
spondent, Ray Fuhrman, the wife of the bankrupt, to show cause why
she should not be attached and punished for contempt in failing to
comply with a previous order of the court.

The record shows that on the petition of the trustee of the estate
of the bankrupt, Daniel Fuhrman, an order was made requiring him and
his wife to turn over to the petitioning trustee the sum of $9,000, found
to be in their possession and under their control and to belong to the
estate of the bankrupt. To that petition the bankrupt and his wife had
filed a verified answer, and the issues thereby raised came on regularly
for hearing before the referee in bankruptcy, who, upon the testimony
introduced, made the following findings and order:

"That the undersigned referee is satisfied beyond all reasonable doubt that
at the time of the filing of said petition by the trustee, and ever since, and at
the present time, said Daniel Fuhrman, bankrupt, and his wife, Ray Fuhrman,
had, and now have, in their possession and under their control, the sum of
$9,000 in cash, belonging to said estate in bankruptcy, which sum the said
Daniel Fuhrman, bankrupt, and Ray Fuhrman, his wife, have concealed and
withheld, and now conceal and withhold, from the trustee herein. And the
undersigned referee in bankruptcy is satisfied beyond all reasonable doubt
of the present ability of the said Daniel Fuhrman, bankrupt, and his said wife,
Ray Fuhrman, to comply with the order of this court herein made. Where-

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fore it is ordered that the said Daniel Fuhrman, bankrupt, and Ray Fuhrman, his wife, within 10 days after the date of the entry of this order, pay to J. B. Power, the trustee in bankruptcy herein, the sum of $9,000 cash, belonging to the said estate in bankruptcy, and which this court finds to be now in their possession and under their control."

A review of that action of the referee by the court below resulted in this action of the court:

"Upon the hearing before the referee, a large amount of testimony was submitted to the referee upon the questions involved and determined. A review or analysis of the evidence is not deemed necessary. There was ample testimony to support the findings and order of the referee, and the same are in all things confirmed, save that, as the time allowed the bankrupts in the referee's order to comply therewith has expired, the order is now modified to read 'on or before July 31st,' instead of 'within 10 days after the date of the entry of this order,' as recited in the order reviewed."

A judgment in accordance with that opinion and order was entered by the court below July 23, 1913, and on the same day was served on both the bankrupt and his wife by the marshal. No review of that judgment having been sought by either the bankrupt or his wife, and not having been complied with, the matter was again brought to the attention of the court, and resulted in the following findings of fact, conclusions of law, and order of the court below, which the trustee of the estate seeks to have here revised:

"This proceeding having come on for hearing upon the order of the court requiring Daniel Fuhrman and Ray Fuhrman, his wife, and each of them, to personally appear before the Honorable Edward E. Cushman, judge of said court, on the 29th day of August, 1913, at the hour of 10 o'clock in the forenoon of said day, and show cause why they should not be attached and punished for contempt in having willfully and contemptuously disobeyed the order of this court dated July 23, 1913, directing the said Daniel Fuhrman and Ray Fuhrman to pay over to said trustee in bankruptcy the sum of $9,000, and the court, after considering the petition of the trustee in bankruptcy, the evidence offered in support thereof, the joint and several answers and supplemental answers made on oath by each of said respondents, the argument of counsel for the respective parties, and being fully advised in the premises, now on this 17th day of October, 1913, makes the following findings of fact and conclusions of law:

### "Findings of Fact.

"I. That at all the times referred to in said proceedings in bankruptcy herein, and for many years prior thereto, and at the time of the receipt of said sum of $9,000, at all times referred to in said bankruptcy proceedings, the said Daniel Fuhrman and Ray Fuhrman were and still are husband and wife, and living together as such, in the city of Seattle, state of Washington.

"II. That the said Daniel Fuhrman has been convicted of the crime and offense of concealing from his trustee in bankruptcy, while a bankrupt, the said sum of $9,000, and other property, in that certain cause entitled 'United States of America v. Daniel Fuhrman, No. 2545,' in the District Court of the United States for the Western District of Washington, Northern Division, and that judgment of conviction has been entered by the court, and the said Daniel Fuhrman is now an inmate of the United States penitentiary, serving under said sentence, at McNeal Island, in the state of Washington.

"III. That on the 2d day of April, 1913, the said Daniel Fuhrman and Ray Fuhrman, his wife, were indicted by grand jurors duly selected and sworn for the Northern division of the Western district of Washington; they having, as it is alleged, *therefore* [theretofore] unlawfully conspired to conceal said sum of $9,000 from the trustee in bankruptcy, while said Daniel Fuhrman was a bankrupt, which said indictment is still pending and undisposed of against said respondents, and each of them.

"IV. That thereafter, on the 12th day of September, 1913, the grand jurors of the United States of America, duly selected, impaneled, sworn, and charged to inquire within and for the Northern division of the Western district of Washington, duly indicted the said Daniel Fuhrman, Ray Fuhrman, and one Jake Gross for conspiring, among other things, to conceal the said sum of $9,000 from the trustee in bankruptcy, while he, the said Daniel Fuhrman, was a bankrupt, which said indictment is still pending and undisposed of as to each of said respondents.

"V. That the court is unable to find from the evidence introduced that the respondent, Ray Fuhrman, has the present ability, or had the ability at the time of said contempt hearing, to turn over said sum of money, or any part thereof.

"VI. That at the time the said sum of $9,000 was taken and received by the said Daniel Fuhrman, which was before the said Daniel Fuhrman was adjudged a bankrupt herein, the said Daniel Fuhrman was the husband of said Ray Fuhrman, and said parties were then and there living together as husband and wife in the city of Seattle, county of King, and state of Washington, and said sum of $9,000 was the property of the said community composed of said Daniel Fuhrman and Ray Fuhrman under the laws of the state of Washington, and said Daniel Fuhrman under the laws of said state had the right to exercise complete possession, control, and management of said sum of $9,000.

### "Conclusions of Law.

"The court finds as conclusions of law:

"I. That under and by virtue of the community property law of the state of Washington the presumption arises, as a matter of law, that the said Ray Fuhrman no longer has in her possession or control the said sum of $9,000, or any part thereof; but that the same has passed into the legal and actual possession and legal and actual control of said Daniel Fuhrman, her husband, and that this presumption of law is sufficient to overcome the presumption of fact, arising from the finding of the referee and court that respondent, Ray Fuhrman, had, with her husband, one of the respondents, Daniel Fuhrman, received and withheld said $9,000 from the trustee in bankruptcy.

"II. That an order should be made herein discharging said order to show cause as to the said Ray Fuhrman, and without prejudice to the right of the trustee to renew said application hereafter.

"Done in open court this 17th day of October, 1913.

                                        "Edward E. Cushman, Judge."

Accordingly, on the 3d day of November, 1913, this order was entered by the court below:

"It is ordered that the said order requiring the said Ray Fuhrman to show cause why she should not be attached and punished for contempt be and the same is hereby discharged as to her, without prejudice to the right of the trustee to renew said application hereafter. On motion of the trustee, it is further ordered that the said proceeding, in so far as the same concerns Daniel Fuhrman, be and same hereby is continued indefinitely, to be hereafter brought on for hearing and determination at the option of the said trustee. To so much of this order as concerns Ray Fuhrman, the trustee duly excepted. Exception allowed."

Various extensions of time for the filing of a brief on behalf of the respondent having been granted, the matter is just now for determination.

[1-4] The judgment of the court below, confirming the findings and order of the referee, not having been appealed from or otherwise questioned by either of the respondents established that at the date of its entry—July 23, 1913—the money in question was in the actual possession and under the control of the said bankrupt and his said wife, and was then being by them fraudulently concealed and withheld from the

creditors of the bankrupt. That judgment placed the legal duty upon both husband and wife of complying with its requirements. That such compliance is enforceable by proceedings in contempt is beyond question. Equally plain is it that the burden is upon the delinquent, who claims to be incapable of making the delivery decreed, to prove the fact of such inability. That burden is not discharged or satisfied either by the fifth finding of fact made by the court below:

"That the court is unable to find from the evidence introduced that the respondent, Ray Fuhrman, has the present ability, or had the ability at the time of said contempt hearing, to turn over said sum of money or any part thereof"

—or by the conclusion of law drawn by the court below:

"That under and by virtue of the community property law of the state of Washington the presumption arises, as a matter of law, that the said Ray Fuhrman no longer has in her possession or control the said sum of $9,000, or any part thereof, but that the same has passed into the legal and actual possession and legal and actual control of said Daniel Fuhrman, her husband."

The question is one of fact, and not of presumption of law.

The judgment of the court below, entered November 3, 1913, is reversed, with costs in favor of petitioner and against respondent; and the cause remanded for further proceedings in accordance with the views above expressed.