### In re JACOBS et al.

### JACOBS et al. v. HILLS.

(Circuit Court of Appeals, Ninth Circuit. October 9, 1916.)

#### No. 2804.

BANKRUPTCY ⬤═136(2)—CONCEALMENT OF ASSETS—JUDGMENT—PROPRIETY.

On a petition by a trustee for delivery of assets which the trustee averred the bankrupts had in their possession and under their control, the court found that the bankrupts, at the time of the filing of their petition in bankruptcy and ever since, had in their possession and under their control certain merchandise, which they had concealed, and were then concealing from the trustee, and that the bankrupts had present ability to deliver such assets. *Held,* that though two questions were involved, one that of the original concealment, and the other that of present ability to deliver the property, the order is not improper as a matter of law because uniting a finding on both questions, notwithstanding such order might be conclusive that the bankrupts were guilty of contempt in event of their failure to deliver the property pursuant to the order of court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 235; Dec. Dig. ⬤═136(2).]

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition to Revise in Matter of Law an Order of the District Court for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

In the matter of the bankruptcy of David Jacobs and Isaac Jacobs, copartners, doing business as Jacobs Bros. Petition by S. T. Hills, as trustee, for delivery of assets claimed to have been concealed by David Jacobs and Isaac Jacobs, bankrupts. The order of the referee in favor of the trustee was affirmed, and the bankrupts petition, under Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1913, § 9608), to revise the order. Dismissed.

In his petition for delivery of certain assets the trustee alleged removal and concealment by the bankrupts, and that the bankrupts "have in their possession and under their control" goods of which the trustee is the owner and to possession of which he is entitled. After hearing before the referee, and thereafter upon hearing and review, the District Court sustained the view of the referee, and found from evidence which satisfied the court that the bankrupts, and each of them, at the time of the filing of their petitions in bankruptcy, and ever since, and at the time that the court made its findings, had in their possession and under their control certain merchandise of the value of $3,189 belonging to the estate, which assets the bankrupts and each of them had concealed, and was then concealing and withholding, from the trustee, and that the bankrupts had the present ability to deliver such assets to the trustee. The order conformed to the findings and conclusions, and directed delivery to the trustee within 20 days after entry of the order, unless appeal should be taken, in which event, the bankrupts were given 20 days after the disposition of the appeal to comply.

Walter Schaffner, of Seattle, Wash., and Romaine & Abrams, of Bellingham, Wash., for petitioners.

Nelson R. Anderson and Wettrick, Anderson & Wettrick, all of Seattle, Wash., and Hudson & Madison, of Bellingham, Wash., for respondent.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The record discloses a careful analysis and review of the facts by the learned judge of the District Court. His findings were made upon evidence which he characterizes in his opinion as "clear and convincing," and which satisfied him beyond all reasonable doubt that when the petition in bankruptcy was filed and at the time of his decision the bankrupts were in possession and control of the merchandise described in the order.

Petitioners' principal point is that the court erred in finding that the bankrupts had a present possession and a present ability to surrender and deliver to the trustee. The contention is that such a finding is not material or proper, and that the question of present ability becomes material only in a contempt proceeding arising after failure to obey the order to deliver. Petitioners urge the importance of the point because, in Power v. Fuhrman, 220 Fed. 787, 136 C. C. A. 393, which was a contempt proceeding, this court held that a judgment of the District Court, not appealed from, which ordered the bankrupt to turn over, and which was based upon a finding that there was a present ability to perform, established that at the date of entry of the order the money there in question was in the actual possession and under the control of the bankrupt, and was then being fraudulently con-

cealed and withheld. · It is argued that the application of this rule to the present case would lead to a situation where, if the bankrupts should fail to comply with the order under review and obedience to such order should be sought to be enforced in contempt proceedings, the order and findings of the District Court would be conclusive against these petitioners, and that as a consequence they would be prevented from having this court render judgment upon the question of their guilt.

Petitioners cite Schmid v. Rosenthal, 230 Fed. 818, —— C. C. A. ——, where the Court of Appeals of the Third Circuit had before it for review a finding made by the referee in the District Court that the bankrupt "had and now has in his .possession," and an order to pay over forthwith. The court distinguished that proceeding, which was one asking for an order requiring money alleged to be concealed to be turned over, from a proceeding to punish for contempt, and said:

"Nothing has been done thus far except to ascertain what sum of money the bankrupt should have accounted for at the time of the adjudication, and should have turned over to his trustee afterward. * * * The finding should have been restricted to the date of bankruptcy, and should therefore be modified by striking out the words, 'And now has in his possession,' and by substituting therefor the words 'At the time the petition in bankruptcy was filed.'"

The court, approving Epstein v. Steinfeld, 210 Fed. 236, 127 C. C. A. 426, recognized two stages to a proceeding where a charge is that assets have not been accounted for: One as involving inquiry into what assets should have been in the bankrupt's possession or control at the time of the bankruptcy; and the other involving a determination whether or not the property required is still in the possession or control of the bankrupt, and whether he is physically able to deliver it to his trustee. We agree that the proceeding may have the two stages, but if the two are covered by the one investigation and such inquiry has fairly responded to the averments of the petition by the trustee that there is a present possession and control, we see no valid reason for holding that as matter of law the findings and order responsive to the issues tried should be nullified. In re Rosser, 101 Fed. 562, 41 C. C. A. 497; In re Lans, 158 Fed. 610, 85 C. C. A. 432. It may be that inconvenience to the bankrupts will follow in the event of their failure to comply with the order, but we find no sufficient legal ground for disturbing the order in the respect complained of.

Petition dismissed.