## In re J. L. MARKS & CO.

## MARKS v. MARTIN.

### No. 5821.

Circuit Court of Appeals, Seventh Circuit.

July 9, 1936.

Archie Schimberg and Simon H. Alster, both of Chicago, Ill. (Friedman, Schimberg & Alster, of Chicago, Ill., of counsel), for appellant.

D. H. McGilvray, of Chicago, Ill. (McGilvray, Eames, Vaughan & Tilley and Guy M. Blake, all of Chicago, Ill., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

## PER CURIAM.

This appeal is from an order of the District Court bearing date of March 10, 1936, directing one J. L. Marks to turn over, on or before March 14, 1936, to the trustee of the estate of J. L. Marks & Co., bankrupt, $6,500 which the court found belonged to said estate and which was possessed by Marks at the time of the filing of the petition in bankruptcy (September 2, 1933). Marks was president, director, and sole stockholder of bankrupt.

A hearing was had in a summary proceeding on an order to show cause, and the court made findings adverse to Marks' contentions. Immediately thereafter Marks filed a petition asking leave to present additional evidence—the testimony of his employees who were out of town at the time of the hearing. Leave was denied.

The item of $6,500 is composed of two sums, the proceeds of checks, one for $2,500, dated August 4, 1933, and the other for $4,000, dated August 17, 1933. These checks (in evidence) were drawn by Ettinger & Brand on the Continental Illinois National Bank & Trust Company, payable to the order of J. L. Marks & Co. They were indorsed "J. L. Marks Co. OK for cash J. L. Marks." On the $4,000 check the name of the messenger "H. B. Rothkopf" appeared.

On cross-examination Marks explained the transactions as follows:

"* * * Our messenger cashed the check, brought back the funds and delivered them to the cashier and office manager. The funds went into the company's till to be paid out to meet the run of customers. I never retained any of the * * * $2,500 * * *. I was not in possession of any of the proceeds of this check on September 2, 1933, the date of the filing of the petition in bankruptcy. I am not now in possession of any of the proceeds of this check. * * * The money was paid out during * * * August."

Marks stated he did not have any of the proceeds of either check in his possession at the time of the filing of the petition in bankruptcy. He said there was a run on the company, and these funds were immediately used to pay persons who demanded money.

An auditor testified that he examined the company's books in regard to these two checks and the books showed that the two checks had been paid by Ettinger & Brand, but the proceeds had not been received by J. L. Marks & Co. They were not entered as having been received. He said the cash books appeared to be up to date, although there were numerous errors in them. He also said he could not tell by looking at the cash accounts the sources of the cash received.

Error is assigned because the evidence failed to support the finding that the money was in Marks' possession on the day the petition in bankruptcy was filed, or on the date of the order, or that he had appropriated the sums, and because the court failed to grant a rehearing.

We assume for the purpose of the argument that appellant Marks individually received the $6,500. We are not, however, satisfied that the evidence is sufficient to support a finding that he possessed the money either at the time the bankruptcy proceedings were instituted or when the order to turn over the money was entered. We therefore conclude that the order was erroneously entered. Oriel v. Russell, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419; In re Schoenberg (C.C.A.) 70 F.(2d) 321; In re Redbord (C.C.A.) 3 F.(2d) 793.

A valid claim against Marks may have existed upon which a judgment could have been properly entered. Assuming the money was by him appropriated, a money decree would be proper. But, under the authorities, there was no basis for directing appellant to pay to the estate of said bankrupt moneys which were not at the time the bankruptcy proceedings were filed, nor since, in the wrongdoer's possession.

The order is reversed.