In re Alton M. BATHRICK, Bankrupt.

William A. SHORT, Jr., Trustee, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Blythe Bathrick, Defendants.

Bankruptcy No. 76–HB–233.

United States Bankruptcy Court, S. D. Texas, Houston Division.

Dec. 6, 1979.

Michael H. Saks, Houston, Tex., for trustee.

M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., Howard A. Weinberger, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for I. R. S.

John E. O'Neill, Houston, Tex., for Blythe Bathrick.

## MEMORANDUM OPINION

JOHN R. BLINN, Bankruptcy Judge:

The matter is before the Court on the complaint of the trustee asserting that a tax refund owed jointly to the bankrupt and his wife (not a bankrupt), is entirely property vesting in the trustee of the husband's estate upon the filing of the petition.

On March 26, 1976, Mr. Bathrick filed a voluntary petition in bankruptcy. At the time of the bankruptcy proceeding, and for several years prior to that action, Alton Bathrick was married to Blythe Bathrick.

In April of 1976, Mr. and Mrs. Bathrick together filed a joint tax return for 1975, the year preceding Mr. Bathrick's bankruptcy. All but $46 of the income reported by the Bathricks for 1975 came from the earnings of Mr. Bathrick. Additionally, most if not all, of the 1975 tax payments were made in the form of withholding taxes retained by Mr. Bathrick's employer and paid over to the government pursuant to law. It was determined that the Bathricks were entitled to a tax refund of $8,377.66. The refund was generated largely by deductions for capital and real estate losses.

After Mr. Bathrick's petition was filed, notice of the filing was mailed—as is customary in all bankruptcy cases—to the Internal Revenue Service. After his appointment, the trustee, in a letter dated February 15, 1977, made a demand on the I.R.S. for "the refund check due to Alton Bathrick." The trustee did not give notice to Mr. or Mrs. Bathrick of his demand on the I.R.S. until shortly before this complaint was filed. Although the trustee could have been more diligent in noticing the parties of his claim to the refund, the I.R.S. created this problem when, after considering the matter and without noticing any other party, it deliberately divided the refund check into two checks, each for $4,188.33, and forwarded one to Mrs. Bathrick and the other to Mr. Bathrick's trustee.

Upon the receipt of the check from the I.R.S., Mrs. Bathrick, without notice to the Trustee, endorsed the check and mailed it to HUD in payment of a federally guaranteed loan made to the Bathricks by Union Bank for improvements to their home. The tax refund had not been specifically pledged as security for this loan, which was listed on the bankrupt's schedules as a secured debt owed to Union Bank. Neither the FHA nor HUD has been scheduled as a creditor of the bankrupt or has attempted to file a claim.

The Trustee then filed a complaint against Mrs. Bathrick and the I.R.S. claiming title to the check had passed to the trustee and hence seeking to compel turnover of the refund sent to Mrs. Bathrick. Alternatively, the Trustee alleges that the delivery of the check by the I.R.S. to Mrs. Bathrick constituted a conversion for which the I.R.S. is now liable. No action has been brought against HUD or the FHA.

Disposition of this case involves questions of both state and federal law. Whether the tax refund was property which passed to the bankruptcy trustee is a question of federal law. However, the proper marital characterization of the refund must be made under the community property laws of Texas as the Bathricks were residents of that state at all times material to these proceedings.

■ The law of the state where the property is situated determines the extent of the bankrupt's interest in the property. *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); *In re Wetteroff*, 453 F.2d 544, 546 (8th Cir. 1972), cert. denied, 409 U.S. 934, 93 S.Ct. 242, 34 L.Ed.2d 188 (1972). Texas is a community property state in which the income produced by either spouse during marriage is community property. Tex.Family Code Ann. § 5.21 (1975). The source of an overpayment of income tax determines the character of the refund, with a refund of excess withholding tax merely being a repayment of earnings from employment. *Gehrig v. Shreves*, 491 F.2d 668, 671–673 (8th Cir. 1974). Therefore, the tax refund would be community property under Texas law.

■ Personal earnings, while community property, are by statute subject to the sole management, control and disposition of the spouse who earned them. Tex.Family Code Ann. § 5.22 (1975). As previously stated, virtually all of the income reported on the 1975 tax return was earned by Mr. Bathrick; therefore, the refund, as excess payments of personal earnings, would be community property under the sole control, management and disposition of Mr. Bathrick.

Given the character of the bankrupt's interest in the refund, it must be determined whether a tax refund is property even capable of being transferred to the trustee in bankruptcy. Section 70a(5) of the Bankruptcy Act provides:

> The trustee of the estate of the bankrupt . . . shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered . . . .

The United States Supreme Court dealt with the issue of whether an income tax refund is property potentially transferable to a trustee in bankruptcy in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). The debtor in *Kokoszka* filed bankruptcy in early January, 1972. As in the present case, the debtor did not file his tax return until after he had filed his petition in bankruptcy and did not receive his refund check for some weeks after that. Citing their earlier holding in *Segal v. Rochelle*, the Court concluded that the refund was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupt's ability to make an unencumbered fresh start that it should be regarded as 'property' under § 70a(5)." 417 U.S. at 647, 94 S.Ct. at 2434 citing *Segal v. Rochelle*, 382 U.S. 375 at 380, 86 S.Ct. 511, 15 L.Ed.2d 428 (1976).

Thus to the extent the tax refund was capable of being levied upon by Mr. Bathrick's creditors, the refund would have been property which passed to the trustee upon the filing of bankruptcy. If Mr. Bathrick's creditors could have reached only one-half of the refund, then only one-half of the refund is property of the estate and the I.R.S. would have been correct in dividing the check.

Texas has set out the rules governing liability of property subject to a spouse's sole control, management, and disposition in its Family Code, § 5.61, subsections (b) and (c), which read:

> (b) Unless both spouses are liable by other rules of law, the community property subject to a spouse's sole management, control, and disposition is not subject to:
> (1) any liabilities that the other spouse incurred before marriage; or
> (2) any nontortious liabilities that the other spouse incurs during marriage.
> (c) The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him or her before or during marriage.

Thus property subject to the sole management and control of Mr. Bathrick could have been reached by his creditors if the debts which the creditors are asserting were incurred either separately by Mr. Bathrick or upon community credit.

The general rule under Texas law is that debts contracted during marriage are presumed to be on the credit of the community unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction. The burden of overcoming the presumption of community debt is on the party asserting otherwise. *Broussard v. Tian*, 156 Tex. 371, 295 S.W.2d 405 (1956); *Gleich v. Bongio*, 128 Tex. 606, 99 S.W.2d 881 (1937). Acting on this presumption, the Texas Supreme Court in *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975), held that where no proof was offered to overcome the presumption that debts were not the joint liabilities of both spouses, all non-exempt sole or joint control community property of the husband filing bankruptcy passed to the trustee, regardless of whether those debts were actually obligations of only the husband, only the wife or joint obligations of both husband and wife. Where debts asserted by bankruptcy creditors are characterized as joint liabilities of husband and

**432**

wife, the bankruptcy creditors have an equal right to be paid out of all community property. 527 S.W.2d at 172.

■ Applying the reasoning of *Cockerham* to the present case, the entire tax refund is "property" under § 70a(5) which the bankrupt could have transferred or which his creditors could have reached in satisfaction of their claims. Therefore, under the specific terms of § 70a(5), the tax refund passed to the bankruptcy trustee on the date Mr. Bathrick filed his petition, March 26, 1976.

■ Having established that the tax refund is property belonging to the bankrupt's estate, we turn to the issue of whether the trustee has established an action for turnover against the I.R.S. or Mrs. Bathrick. In order to secure a turnover order the trustee must first establish that the property sought to be recovered was in the possession or control of the party proceeded against at the time of the proceeding. *Maggio v. Zeitz,* 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476 (1948); *Oriel v. Russell,* 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929); see, e. g., 2 Collier on Bankruptcy 14th Ed. 569 (1978). In the present case, by the time the trustee instituted suit, the property in question had long since passed out of the possession of both the I.R.S. and Mrs. Bathrick. Some time early in 1977 the I.R.S. mailed Mrs. Bathrick a check for one-half the amount of the refund. Almost immediately upon receipt Mrs. Bathrick endorsed the check and mailed it on to HUD. In a letter dated May 5, 1977, HUD acknowledged receipt of the check from Mrs. Bathrick. This complaint was not filed for another seven months, not until January, 1978.

■ The Eighth Circuit dealt with the same problem in a similar fact situation in *Sheehan v. Hunter,* 133 F.2d 303 (8th Cir. 1943). There the regional Collector of Internal Revenue had seized money belonging to the bankrupt's estate three days after bankruptcy in collection of unpaid taxes. By the time the trustee brought suit to compel turnover of the funds the Collector had transferred the money into the U. S.

Treasury. The court ruled that the Collector, having already parted with the money and having no legal right to compel its restoration out of the Treasury, could not be subject to a turnover order in bankruptcy for summary restoration of the funds. By analogy we similarly conclude for Mrs. Bathrick.

■ Having disposed of the turnover issue, we come finally to the trustee's claim that the wrongful delivery of the refund check by the I.R.S. to Mrs. Bathrick constituted conversion. This argument is supported by Texas case law, which has defined conversion as "the wrongful exercise of dominion and control over another's personal property, to the exclusion of or inconsistent with the rights of the owner." That the exercise of dominion is done in innocence or good faith would be no defense, but would go only towards the mitigation of damages. *Adam v. Harris,* 564 S.W.2d 152, at 155, (Tex.Civ.App.—Houston 14th Dist. 1978, writ ref. n. r. e.); *Chrysler Credit Corporation v. Malone,* 502 S.W.2d 910 (Tex.Civ.App.—Ft. Worth 1973, no writ). The essence of the tort of conversion is the wrongful deprivation of property to its rightful owner. 14 Tex.Jur. *Conversion* § 3 (1976) citing *Bradley v. McKinzie,* 226 S.W.2d 458 (Tex.Civ.App.—Eastland 1950, no writ) and *Sandor Petroleum Corporation v. Williams,* 321 S.W.2d 614 (Tex.Civ.App.—Eastland 1959, writ ref. n. r. e.). In the case at bar the trustee was entitled to claim the entire tax refund for the benefit of the bankrupt's estate. By delivering one-half of the refund to Mrs. Bathrick, the I.R.S. deprived the trustee of property to which he was lawfully entitled thus committing an act of conversion.

■ Where the conversion is not attended by fraud, willful wrong or gross negligence, the measure of damages is the value of the property converted at the time of such conversion with legal interest of 6% from the date of conversion. *Early Foster Co. v. Mid-Tex Oil Mills,* 208 S.W. 224 (Tex. Civ.App.—Austin 1918, writ ref.); *Mims v. Hearon,* 248 S.W.2d 754 (Tex.Civ.App.— Dallas 1952, no writ); *Flores v. Didear Van*

& *Storage Company, Inc.*, 489 S.W.2d 406 (Tex.Civ.App.—Corpus Christi 1972, no writ).

For all the reasons hereinabove set forth, I find and conclude the Internal Revenue Service is liable to William A. Short, Jr., Trustee, for $4,188.33, the value of the check wrongfully delivered to Mrs. Bathrick, plus 6% interest from the date of such delivery.

Counsel for the Trustee will furnish a proposed form of judgment within ten (10) days of the date of this Memorandum Opinion.