In re Dorell Ervin BARNES and Shirley Lee Barnes, Debtors.

Bankruptcy No. 380–00286–F.

United States Bankruptcy Court, N. D. Texas, Dallas Division.

Oct. 26, 1981.

Philip I. Palmer, Dallas, Tex., for debtors.

Robert Yaquinto, Dallas, Tex., trustee.

## OPINION AND MEMORANDUM OF LAW

JOHN C. FORD, Bankruptcy Judge.

This cause was submitted on a stipulated record and briefs. The Court, having considered the record and the arguments of counsel, makes the following findings of fact and conclusions of law:

## BACKGROUND

On May 6, 1980, Dorell Ervin Barnes and Shirley Lee Barnes filed a debtor's joint petition seeking relief under Chapter 13 of Title 11, United States Code. The Debtors then moved to convert this proceeding from Chapter 13 to Chapter 7, pursuant to 11 U.S.C. § 1307, and an Order of Conversion was entered October 31, 1980. On February 17, 1981, the Debtors received their discharge. This cause arose when the Trustee objected to the Debtors' designation of an income tax refund as exempt property of the Debtor.

## FINDINGS OF FACT

1. From the inception of this proceeding the Debtors have not owned a homestead.

2. At all material times the Debtors have been husband and wife.

3. In the calendar year 1979, the husband worked as a swimming pool salesman on straight commission, but made no completed sales and realized no income therefrom. He lost $4,058.00 in his other job as a broker of automobiles. The husband paid $100.00 as his 1979 quarterly estimate of tax liability and made no further payments.

4. During the calendar year 1979, the wife worked as a sales clerk, earning a total of $11,314.69. She claimed one exemption for herself and her employer withheld a total of $1,833.27 as Federal Income Tax Withholding.

5. The Joint Income Tax Return filed by the Debtors on October 15, 1980, reflects a refund to the taxpayers of $1,702.00. On March 11, 1981, the Internal Revenue Service issued its check in the amount of $1,877.70 representing the refund claimed plus interest.

6. As reflected in Schedule B–4, Mr. Barnes designated exemptions under 11 U.S.C. § 522(d). Mrs. Barnes designated the same property as exempt, however, she claimed exemptions under "the laws of the State of Texas."

7. The schedule shows property with a total value of $5,765.00 claimed as exempt.

8. In Schedule B–4 Mr. Barnes claimed the income tax refund as "wages payable (tax refund)" in lieu of a homestead and pursuant to 11 U.S.C. §§ 522(d)(5) and 522(m). Mrs. Barnes claimed the income tax refund exempt as current wages pursuant to the Texas Constitution, V. Ann.Tex. Const. art. 16, § 28.

9. At all times material to these proceedings, the Debtors were residents of the State of Texas.

### CONCLUSIONS OF LAW

The Trustee's cause of action is based upon his objection to the claimed exemption of Debtor's Federal Income Tax Refund. Specifically, the Trustee objects to the Debtor's reliance upon a provision of the Texas Constitution, V. Ann.Tex.Const. art. 16, § 28, that provides:

Sec. 28. No current wages for personal service shall ever be subject to garnishment.

The Debtor equates a Federal Income Tax Refund with the refund of wages withheld pursuant to the Federal Withholding Tax. For reasons that will become apparent later, it is not necessary to decide whether a Federal Income Tax Refund, representing a refund of wages withheld, should be construed as current wages subject to the protection from garnishment afforded by the Texas Constitution. That battle is left for another day and different facts.

■ A review of the Debtor's Schedule B–4 reveals no property claimed exempt directly under the provisions of 11 U.S.C. § 522(d)(1). Instead, the Debtor has utilized 11 U.S.C. § 522(d)(5) to include the excess value of property claimed exempt under 11 U.S.C. § 522(d)(3) and (4). In addition, the Debtor has thrown the value of two guns, pocket change and wages payable, (i. e. the tax refund), into the $7,500.00 surplusage available pursuant to 11 U.S.C. § 522(d)(1). The total value of property claimed as exempt under 11 U.S.C. § 522(d)(5) is $2,615.00, and is well below the $7,500.00 figure available to the Debtor in lieu of a homestead. This Court can find no reason to deny the Debtor the property claimed as exempt in Schedule B–4.

The Trustee has raised several points which should, however, be discussed. In a recent decision by Judge Bill H. Brister of the United States Bankruptcy Court for the Northern District of Texas, a married couple filing a joint petition was not allowed to claim separate federal and state exemptions. Judge Brister argued against the windfall allowed a debtor who claims federal exemptions under the Bankruptcy Code despite his or her spouse's claim of exemptions under state law. The Fifth Circuit Court of Appeals agreed that a windfall does sometimes occur, but nevertheless upheld the right of separate election of exemption provisions in joint bankruptcy proceedings unless a contrary state law precludes such a result. See *Cannady v. Wilson*, 653 F.2d 210, 213 (5th Cir. 1981). The *Cannady*, supra, decision is good authority for allowing the Debtors in the case at bar to elect separate exemptions in this joint proceeding.

The Trustee has suggested that the 1979 Federal Income Tax Refund in question be allocated one-half to the wife and one-half to the husband. The wife's one-half share would then be tested as to its status as exempt property of the debtor according to the provisions of the state law exemptions designated by the wife on Schedule B–4. Presumably the Trustee has conceded the exempt status of the husband's one-half share pursuant to 11 U.S.C. § 522(d)(5). Dividing the refund along the lines suggested by the Trustee enables the Trustee to attack the exempt status of the wife's share of the refund and brings into question the Debtor's argument that the refund is exempt as current wages protected by Texas law. However, questions of both federal and state law are raised by the Trustee's characterization of the property as divided between the Debtor spouses. A determination of the appropriate property status of the refund under the community property laws of Texas must precede the application of the Bankruptcy Code in determining the exempt status of the refund.

Texas is a community property state wherein the community property consists of

the property, other than separate property, acquired by either spouse during marriage. V.T.C.A., Family Code § 5.01(b). Personal earnings, produced by either spouse during marriage, are community property. V.T.C.A., Family Code § 5.01. Recent decisions have held that the source of an overpayment of income tax determines the character of the refund, with a refund of excess withholding tax merely being a repayment of earnings from employment. *In re Bathrick*, 1 B.R. 428, 430 (U.S.Bkrtcy., S.D.Tex. 1979); *Gehrig v. Shreves*, 491 F.2d 668, 671–673 (8th Cir. 1974). Therefore, the tax refund would be community property under Texas law, albeit subject to the sole management, control and disposition of the spouse who earned the wages serving as the basis of the refund. *Bathrick*, supra, at 430; V.T.C.A., Family Code § 5.22. All of the income reported on the Debtor's 1979 tax return was earned by Mrs. Barnes; therefore, the refund as excess payments of personal earnings, would be community property under the sole control, management and disposition of Mrs. Barnes. *Bathrick*, supra, at 430.

The commencement of a case under 11 U.S.C. § 302 creates an estate comprised of all interests of the debtor in community property as of the commencement of the case that is under the sole, equal, or joint management and control of the debtor. See 11 U.S.C. § 541(a)(2)(A). By joining in the filing of a joint petition, Mrs. Barnes relegated all her interests in community property under her sole management, including the income tax refund, to the property of the estate. 11 U.S.C. § 541(a)(2)(A). Notwithstanding Sec. 541 of Title 11 of the Bankruptcy Code, an individual debtor may exempt from property of the estate property that is specified under subsection (d) of Section 522. 11 U.S.C. §§ 522(b)(1) and (d). The Code does not specify which property of the estate an individual debtor may exempt. By the express language of the Code an individual debtor may exempt any property of the estate which may be exempted under § 522(d). Applying the law to the facts of the case at bar, Mr. Barnes, an individual debtor, may exempt from the property of the estate the income tax refund. Moreover, Mr. Barnes is not limited to exempting one-half of the refund. When, as here, a joint petition is filed and an income tax refund is determined to be community property under the sole management of one of the debtor spouses then the other debtor spouse may claim the entire refund as exempt property of the debtors consistent with the exemption provisions of 11 U.S.C. § 522.

This Court is in disagreement with the *Smith* decision. See *In the Matter of Smith*, 5 B.R. 227 (U.S.Bkrtcy., S.D.Ohio 1980). In that decision the court construed the term "debtor's interest" employed in 11 U.S.C. § 522 to narrow the scope of the bankruptcy estate. Under 11 U.S.C. § 302(b), spouses filing a joint petition and thus commencing a Title 11 case are not automatically entitled to the consolidation of their estates. Thus the court goes on to say:

> The conclusion seems inescapable that there are not sufficient indicia of title to remove from the bankruptcy estate of the taxpayer a refund of wages withheld for a payment of taxes and to transfer such a fund to the bankruptcy estate of the other spouse. Since the asset is not in the other spouse's estate, there is no "interest" to claim as exempt.

*Smith*, supra, at 229.

Where, as in the instant case, an income tax refund is construed as community property, it will almost invariably follow that the refund will become part of a consolidated estate. Thus the debtor's interest will extend to the consolidated estate and the refund may then be claimed as exempt by either spouse.

On September 15, 1980, the Trustee reported that "this joint case should be substantially consolidated as the debtors are husband and wife and their affairs are so intermingled that their respective assets and liabilities cannot be separated." Acceptance by this Court of the Trustee's recommendation obviates the necessity of formulating some general rule addressing an

individual debtor's cross-interests in community property comprising a bankruptcy estate. Needless to say, the peculiarities of the Texas community property system will often justify the substantial consolidation of joint cases. In the instant case at least, it is the decision of this Court that the Debtors may exempt the entire income tax refund utilizing the provisions of 11 U.S.C. § 522(d)(5) as designated by the husband on Debtor's Schedule B–4.

## ORDER

This cause having been presented by the Trustee as an objection to Debtor's exemption of a Federal Income Tax Refund and the Court having reviewed the facts and arguments of counsel, it is therefore;

ORDERED, ADJUDGED and DECREED that the Trustee's objection to the claimed exemption of Debtor's Federal Income Tax Refund in the amount of $1877.70, issued on March 11, 1981, by check of the Internal Revenue Service, is hereby overruled.