**In re A.T. BURKE a/k/a Alfred Thomas Burke, Debtor.**

**Dale THOMAS, Trustee In Bankruptcy, Plaintiff,**

**v.**

**Rita BURKE, Defendant.**

**Bankruptcy No. 91–60235–S. Adv. No. 92–6048–S.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

Feb. 26, 1993.

Michael E. Gazette, Ramey & Flock, Tyler, TX, representing Dale Thomas, Chapter 7 Trustee.

Charles E. Lauffer, Jr., Hardy & Atherton, Tyler, TX, representing Rita Burke.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

Comes now before the Court the Complaint of Dale Thomas, Trustee, for Turnover of Property of the Estate pursuant to regular setting in Tyler, Texas. Due to the absence of any factual dispute, the parties submitted this matter before the Court based on written stipulations and briefs. This opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052 and disposes of all issues before the Court.

## FACTUAL BACKGROUND

A.T. Burke, hereinafter referred to as ("Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code on February 7, 1991. Debtor's wife, Rita Burke, hereinafter ("Mrs. Burke") did not join in the petition. Subsequently, a Chapter 7 Trustee was appointed in Debtor's case.

On or about February 18, 1992, Debtor and Mrs. Burke filed separate federal income tax returns for the calendar year 1989. These returns were filed without the knowledge of the Chapter 7 Trustee. It is undisputed that all the income and deductions reported on the 1989 return was either the sole management community property of Debtor or property subject to joint management between Debtor and Mrs. Burke. *See* Tex.Fam.Code Ann. § 5.22 (Vernon 1993). As a consequence of the filing of these returns, the Internal Revenue Service contacted the Chapter 7 Trustee of the availability of a refund. Shortly thereafter, based on Debtor's 1989 return, the Chapter 7 Trustee received a refund in the amount of $43,612.67. In accordance with her return, Mrs. Burke received a tax refund in the amount of $42,756.18. The Chapter 7 Trustee has made a demand upon Mrs. Burke for these funds on the basis that this refund constitutes property of the Debtor's estate. Upon Mrs. Burke's refusal to return these funds, the instant adversary proceeding was filed. Following the submission of briefs, the matter was taken under advisement.

## DISCUSSION OF LAW

As stated by the parties, the sole issue for this Court to decide is whether a federal income tax refund for a tax year preceding a bankruptcy filing, received by a nondebtor spouse, is property of the estate when the refund results from the nondebtor spouse's filing of a separate tax return postpetition and is attributable solely to prepetition income which was either community property subject to the sole management, control and disposition of the debtor or community property subject to the joint management, control and disposition of both the debtor and his spouse.

After due consideration, the Court finds that such a refund is property of the estate and is therefore subject to turnover to the Chapter 7 Trustee.

Given the stipulation of facts between the parties, this Court's analysis of this dispute begins and ends with a review of § 541(a) of the Bankruptcy Code defining property of the estate as follows:

(a) The commencement of a case under ... this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor;

...

11 U.S.C.A. § 541(a) (West 1979 & Supp. 1992). Without need for case recitation, the courts have uniformly held that the definition of property of the estate is to be interpreted broadly.

As stipulated by the parties, all of the income and deductions on the 1989 return giving rise to Mrs. Burke's refund constituted either the sole or joint management community property of Debtor's marriage. Accordingly it follows that any succeeding tax refund must similarly be construed as the fruit of Debtor's sole and/or joint management community property. *In re Barnes*, 14 B.R. 788, 790 (Bankr.N.D.Tex. 1981) (The source of an overpayment of income tax determines the character of the refund); *In re Bathrick*, 1 B.R. 428, 430 (Bankr.S.D.Tex.1979). Since this inchoate right to seek recovery of this tax refund existed as of Debtor's petition date, this right constitutes a sufficient interest to be categorized as property of Debtor's estate. *In re Canon*, 130 B.R. 748, 752 (Bankr. S.D.Tex.1991); *In re Wilson*, 49 B.R. 19, 20 (Bankr.N.D.Tex.1985) (Income tax refunds to which a debtor might be entitled which

are based on prepetition earnings and losses are property of the estate).

■ Mrs. Burke raises three additional defenses to the Chapter 7 Trustee's complaint. First, Mrs. Burke asserts that the listing of her name on the tax refund should compel a finding that the tax refund constitutes her sole management community property therefore excepting it from property of the Debtor's estate. Mrs. Burke bases this position on § 5.24 of the Texas Family Code which states:

> During marriage, property is presumed to be subject to the sole management, control, and disposition of a spouse if it is held in his or her name, as shown by muniment, contract, deposit of funds, or other evidence of ownership, or if it is in his or her possession and is not subject to such evidence of ownership.

Tex.Fam.Code Ann. § 5.24(a) (Vernon 1993). This argument is not convincing. Mrs. Burke has already acknowledged that the source of the tax refund is either Debtor's sole management community property and/or joint management community property. The act of Mrs. Burke in filing a separate tax return on such property cannot serve to magically convert such property to Mrs. Burke's sole management community property.

■ Second, Mrs. Burke challenges a broad reading of § 541(a) as being in conflict with her right to file a separate tax return.[1] Unfortunately for Mrs. Burke, to some extent, § 541(a) has exactly this effect. The Court does not disagree that under any set of circumstances, Mrs. Burke would not be precluded by her husband's bankruptcy filing from filing a separate tax return pertaining solely to her separate property and sole management community property. However, upon the filing of Debtor's petition for relief, the right to claim tax refunds arising from Debtor's sole and/or joint management income and deductions became an asset of Debtor's estate and the mechanics for asserting such a claim for a refund the responsibility of Debtor's Chapter 7 Trustee. Indeed, due to the status of this inchoate right to receive a tax refund as property of the estate, the Court finds that Mrs. Burke's attempts to attain any portion of this refund to be an act to obtain possession of property of the estate in violation of § 362(a) of the Code. 11 U.S.C.A. § 362(a)(3) (West 1979 and Supp.1992).

■ Third, Mrs. Burke maintains that, notwithstanding this Court's finding that the tax refund at issue constitutes property of the estate, the issue is moot due to Mrs. Burke's previous expenditure of the funds resulting from the tax refund. In support, Mrs. Burke cites to this Court the case of *In re Bathrick*, 1 B.R. 428, 432 (Bankr. S.D.Tex.1979). In *Bathrick*, a debtor and his nonfiling spouse filed a joint tax return for an earlier year. The joint return was filed post-petition. As a result of the return, the Internal Revenue Service determined that the debtor and his wife were entitled to a tax refund of approximately $8,000.00. However, despite a requirement that any refund resulting from a joint return be made payable jointly, the Internal Revenue Service divided the tax return down the middle sending the debtor one-half and his wife the other half. The non-debtor spouse promptly spent the money prior to the trustee's complaint for turnover. Relying on a dated case out of the Eighth Circuit, *Sheehan v. Hunter*, 133 F.2d 303 (8th Cir.1943), the *Bathrick* court concluded that the trustee's action against the nonfiling spouse was mooted due to the unavailability of the funds, even though the court had earlier found that such funds constituted property of the debtor's estate.

Mrs. Burke's reliance on the holding in *Bathrick* is misplaced. *Bathrick* was de-

---

1. Mrs. Burke argues that the Internal Revenue Code compels her to include her share of community property in any separately filed return. *See generally* 26 U.S.C.A. § 66(a) (West 1988 and Supp.1993). However, the Court is not convinced of the mandatory nature of this assertion. The Internal Revenue Code specifically relieves a separately filing spouse from this responsibility if "taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income." 26 U.S.C.A. § 66(c)(4) (West 1988 and Supp. 1993).

cided under the old Bankruptcy Act of 1898 prior to the codification of § 542(a) of the Code pertaining to turnover actions. In pertinent part, § 542(a) provides that "... an entity ... in possession, custody or control during the case, of [property of the estate] shall deliver to the trustee, *and account for, such property or the value of such property,* unless such property is of inconsequential value or benefit to the estate." 11 U.S.C.A. § 542(a) (West 1979 & Supp.1992) (emphasis added). By its very terms, § 542(a) allows a Chapter 7 trustee to obtain on an action for turnover either a return of the property itself or the property's value. Finding that Mrs. Burke's interpretation of § 542(a) would render this provision substantially toothless, the Court declines to follow it.

Accordingly, the Court hereby finds that the funds at issue are and have at all times constituted property of Debtor's estate. Mrs. Burke is instructed to return these funds to the care of the Chapter 7 Trustee and the Chapter 7 trustee is hereby granted judgment against Rita Burke for $42,756.18.