**In re Roger William JEFFERY, Bankrupt.**

**Joseph M. HILL, Trustee, Plaintiff,**

v.

**Roger William JEFFERY, Defendant.**

**Bankruptcy No. HB–78–329.**

United States Bankruptcy Court,
S. D. Texas,
Houston Division.

Jan. 11, 1980.

See also, Bkrtcy., 2 B.R. 199.

Joseph M. Hill, Trustee, Houston, Tex., Acting as his own Attorney.

Richard J. Reese, Houston, Tex., Attorney for Roger William Jeffery.

## MEMORANDUM OPINION ON COMPLAINT TO COMPEL TURNOVER

JOHN R. BLINN, Bankruptcy Judge.

The trustee has brought a complaint against the bankrupt, Roger William Jeffery, seeking the turnover of a certificate of membership in the Pine Forest Country Club. Mrs. Jeffery, the wife of the bankrupt, has not filed bankruptcy and is not named as a party to this proceeding.

Both parties have stipulated the following: (1) the membership certificate is a community asset of the bankrupt, Mr. Jeffery, and his wife; (2) the certificate of membership is subject to the joint management, control and disposition of Mr. and Mrs. Jeffery; and (3) some of the debts to be discharged are community debts of the couple.

The trustee asserts that as community debts are to be discharged by this bankruptcy proceeding, all community property, including the membership certificate, passed to the trustee under the provisions of § 70a(5) of the Bankruptcy Act. The bankrupt, however, argues the trustee is entitled only to an undivided one-half interest in the membership as the other undivided one-half interest is the property of Mrs. Jeffery and she is neither a party to this suit or the bankruptcy case.

Upon the filing of bankruptcy, § 70a(5) provides that the trustee of the bankrupt's estate

shall be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is property which is held to be exempt, to all of the following kinds of property wherever located . . . (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, or impounded, or sequestered.

Thus the test of the trustee's right to reach the bankrupt's interest in personalty is not the nature of the tenancy by which it is held but whether it was transferable by any means by the bankrupt or subject to judicial process at the time of the filing of the petition. 4A Collier on Bankruptcy, § 70.18 at p. 223 (14th ed. 1976); *In re Kearns: Cullom v. Kearns,* 8 F.2d 437 (4th Cir. 1925), cert. den. 269 U.S. 587, 46 S.Ct. 203, 70 L.Ed. 426; *Dioguardi v. Curran,* 35 F.2d 431 (4th Cir. 1929).

The parties have stipulated that the membership certificate is the community property of Mr. and Mrs. Jeffery; furthermore, that it is community property under the joint management and control of the bankrupt and his wife. The rule governing liability of property subject to the joint management and control of both spouses is set out in the Texas Family Code, § 5.61, subsection (c), which states:

(c) The community property subject to a spouse's sole or joint management, control, and disposition is subject to the liabilities incurred by him or her before or during marriage.

Since the parties have stipulated that joint obligations of husband and wife are sought to be discharged by Mr. Jeffery's bankruptcy, § 5.61 subjects all community property under Mr. Jeffery's joint or sole control to liability for the debts to be discharged. Mr. Jeffery's creditors could have sought the forced sale of the membership certificate in satisfaction of their debts. As a result, title to the entire membership certificate vested in the trustee immediately upon the filing of the bankruptcy petition. *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975).

Even though title passed to the trustee when Mr. Jeffery filed bankruptcy, the bankrupt and his wife still retained possession of the document and endorsement was necessary for its sale. To accomplish both these objectives the trustee brought this complaint for turnover to acquire the entire community interest in the property, the wife's interest as well as the husband's.

The trustee chose, however, not to join Mrs. Jeffery as a party to the suit. In the landmark case of *Cooper v. Texas Gulf Industries*, 513 S.W.2d 200 (Tex.1974), the Texas Supreme Court expressly abolished the doctrine of virtual representation whereby a suit naming the husband would be binding on the wife as well since the husband was deemed the representative of the entire community. The Court in *Cooper* noted that the doctrine of virtual representation had developed from the concept that the husband was the sole manager of all community property. Amendments to the Family Code have radically altered that ancient concept; husband and wife are now joint managers of all joint management and control community property. Neither spouse may "virtually" represent the other unless such an arrangement is provided for by power of attorney or other agreement in writing. Therefore, even though one spouse may be sued without the joinder of the other in an action concerning joint community property, any judgment so obtained unless otherwise erroneous will be binding on the spouse who was a party to the suit but will not be binding on the interest of the unnamed spouse who was not before the Court. *Roper v. Jeoffroy Mfg., Inc.*, 535 S.W.2d 706 (Tex.Civ.App.—Amarillo 1976, writ ref., n. r. e.) citing *Cooper v. Texas Gulf Industries, supra*, and *Dulak v. Dulak*, 513 S.W.2d 205 (Tex.1974).

Applying the principle of *Cooper* to the case at hand, Mrs. Jeffery is neither a party to the turnover action nor the bankruptcy. Therefore, even though this Court may, and does, dispose of Mr. Jeffery's interest in the membership certificate by requiring him to turn over and endorse the certificate, this Court presently lacks the jurisdiction to deal with Mrs. Jeffery's interest in a similar manner.

Counsel for the Trustee is to present a judgment in conformity with this opinion within ten days.