**In re Jackie Ray WILLS, Debtor.**

**Melvin M. FELDMAN,
Trustee, Plaintiff,**

v.

**MARYLAND NATIONAL BANK, First National Bank of MD, Elizabeth Dorothy Bayne, Internal Revenue Service, Jackie Ray Wills, Defendants.**

**Bankruptcy No. 84–A–0491.
Adv. No. 84–0216A.**

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Feb. 6, 1985.

Melvin Feldman, Rockville, Md., trustee of Chapter 7 estate.

William Hallam, Baltimore, Md., for Maryland Nat. Bank.

Andrew Dyer, Clinton, Md., for First Nat. Bank of Md.

Robert Claggett, Upper Marlboro, Md., for Elizabeth Dorothy Bayne.

Charles Baer, Tax Division, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Henri deLozier, Lanham, Md., for Jackie Ray Wills, debtor.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This case deals with an attempt by the bankruptcy trustee to make an end run around the requirements of the Internal Revenue Code. The trustee is out of bounds. The Internal Revenue Service prevails.

Melvin M. Feldman, trustee of the bankruptcy estate of Jackie Ray Wills, filed a "Motion to Determine Necessity for Filing Tax Returns and Paying Tax, If Any, on Gain of Liened Property Where Liens and Administrative Expenses Exceed Sale's Proceeds," pointing out that he has sold certain real property belonging to the bankruptcy estate for the sum of $195,000 and that his proposed distribution shows that there are insufficient funds to pay administrative expenses, lien claimants, debtor's exemptions, and the Internal Revenue Service in full. Trustee complains that "I.R.S. is of the position that a tax return is required and that if there be a taxable gain, that the tax is an administrative expense and with priority over the lien creditors." Trustee prays that this court find: (1) that no tax on the gain from sale of the realty is required under the circumstances of this case; and (2) that no tax return need be filed for this estate in connection with the sale of the realty.[1]

Unfortunately, this court cannot answer the trustee's prayers: Section 6012(a)(9) of the Internal Revenue Code provides as follows:

§ 6012. *Persons required to make returns of income.*

(a) *General rule.* Returns with respect to income taxes under subtitle (a) shall be made by the following:

\* \* \* \* \* \*

(9) Every estate of an individual under Chapter 7 or 11 of Title 11 of the United States Code (relating to bankruptcy), the gross income of which for the taxable year is $2,700 or more.

This section of the Internal Revenue Code (IRC) was added by the Bankruptcy Tax Bill of 1980, which also added § 1398, Rules relating to individuals' title 11 cases. In particular, under IRC § 1398(c)(3), the amount of the estate's zero bracket amount for the taxable year shall be the same as for a married individual filing a separate return for such year. Under IRC § 1398(g)(6), the estate succeeds to the tax attributes of the debtor with respect to the basis, holding period, and character of assets. While there may not be any tax liability because of other tax attributes of the debtor as set out in § 1398(g) and the deduction allowed under § 1398(h), those determinations should be determined by the Internal Revenue Service under the "hurry up" provision of § 505(b) of the Bankruptcy Code:

§ 505 *Determination of tax liability*

\* \* \* \* \* \*

(b) A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of the tax determined by the court, after notice and a

---

1. The trustee submitted a combined motion and memorandum. There was nothing in the memorandum suggesting any authority for the trustee's position.

hearing, after completion by such governmental unit of such examination; or

(3) upon payment of the tax determined by such governmental unit to be due.

For the foregoing reasons, the court finding no support for the trustee's position, the trustee's motion will be denied.[2]

---

**2.** The text of the Bankruptcy Tax Act of 1980 (P.L. 96–589), together with legislative history for that enactment, may be found in the 1985 Collier Pamphlet Edition, Bankruptcy Code, pp. 795–887. For a general summary of the Bankruptcy Tax Act of 1980, *see* Miller and Cook, *A Practical Guide to the Bankruptcy Reform Act,* pp. 6801.2 *et seq.* (1982). *See also,* 11 U.S.C. § 346, *Special Tax Provisions;* 11 U.S.C. § 728, *Special Tax Provisions;* and 11 U.S.C. § 1146, *Special Tax Provisions.* The latter two sections apply only to chapters 7 and 11, respectively.