882 F.2d 1507
 64 A.F.T.R.2d 89-5543, 58 USLW 2162, 89-2
USTC P 9483,
Bankr. L. Rep. P 73,175
 In re Joe E. JOPLIN, Jr., and Olive Meeker Joplin, d/b/a
Joplin & Son Feed Mill, Debtors.
UNITED STATES of America, Plaintiff-Appellant,
v.
STATE FARM FIRE & CASUALTY CO., Defendant-Appellee,
Michael E. Crain, Intervenor, Defendant-Appellee.
 No. 87-2297.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 11, 1989.
 
 Janet Kay Jones, Atty., Tax Div., Dept. of Justice (William S. Rose, Jr., Acting Asst. Atty. Gen., Michael L. Paup, Wynette J. Hewett, and Gary R. Allen, Attys., Tax Div., Dept. of Justice, of counsel: Roger Hilfiger, U.S. Atty., Washington, D.C., with her, on the brief), for the U.S., plaintiff-appellant.
 Byrne A. Bowman, Oklahoma City, Okl., for State Farm Fire & Cas. Co., defendant-appellee.
 Robert O. O'Bannon of McKinney, Stringer & Webster, P.C. (Robert L. Roark of McKinney, Stringer & Webster, P.C., with him, on the brief), Oklahoma City, Okl., for Michael E. Crain, defendant-appellee (intervenor).
 Before TACHA and McWILLIAMS, Circuit Judges, and BRATTON, District Judge*.
 McWILLIAMS, Circuit Judge.
 
 
 1
 The issue on appeal is whether the district court correctly held that in bankruptcy liquidation proceedings instituted prior to the Bankruptcy Tax Act of 1980, the estate of an individual bankrupt is not subject to a federal tax on income generated during the bankruptcy proceedings and that the trustee in such proceedings is not required to file a federal tax return on behalf of the bankrupt estate. We conclude that the district court misconstrued the applicable law and, therefore, reverse.
 
 
 2
 The debtors, Joe C. Joplin, Jr. and Olive Meeker Joplin, were the proprietors of Joplin & Son Feed Mill in Idabel, Oklahoma. The debtors received their income from the feed mill, as well as from certain rental property, and from oil and gas investment property.
 
 
 3
 On March 7, 1980, the Joplins petitioned the Bankruptcy Court for the Eastern District of Oklahoma for reorganization under chapter 11 of the Bankruptcy Code. On January 7, 1981, the bankruptcy court, on motion by a secured creditor, formally converted the reorganization proceedings to a chapter 7 liquidation proceeding. On February 11, 1981, Michael E. Crain was appointed to replace the estate's interim trustee. Pursuant to his appointment as trustee, the bankruptcy court required Crain to post a series of surety bonds, which he obtained from State Farm Fire & Casualty Company. From 1981 until 1983, the liquidation of the estate proceeded.
 
 
 4
 Acting on advice of his counsel, Crain did not file any federal tax returns for the years 1980, 1981, and 1982, nor did the bankruptcy estate pay federal taxes on the income generated by the estate during the liquidation proceedings. Following distribution to the creditors, the bankruptcy court discharged the debtors on November 30, 1982, and later closed the estate on April 14, 1983. The closing order provided, in part, that the surety was released from further liability under its bond, "except for any liability which may have accrued during the time such bond was in effect."
 
 
 5
 In July, 1983, the Internal Revenue Service began an audit of the estate to determine the existence of any liability for federal income tax for the years 1980 through 1982. On October 16, 1984, a notice of deficiency was issued to the estate, informing Crain that as trustee he was liable for $320,330.73, plus interest thereon, in federal income taxes and penalties.
 
 
 6
 The bankruptcy court, Judge Robert Berry presiding, reopened the bankruptcy proceeding on January 11, 1985. Shortly thereafter, the United States instituted an adversary proceeding in the bankruptcy proceeding against State Farm, the trustee's surety, seeking recovery on the surety's bond for the unpaid tax. In July, 1985, the bankruptcy court granted the trustee's motion to intervene in the adversary proceeding brought by the United States against State Farm.
 
 
 7
 State Farm sought dismissal of the United States adversary proceeding against it on the grounds that before suit could be maintained against it on the surety bond, it was first necessary to determine in a separate proceeding whether the trustee had violated his duty as a fiduciary. The bankruptcy court denied State Farm's motion to dismiss, noting that both the United States and the trustee had by then filed cross motions for summary judgment on the single issue of whether, prior to the enactment of the Bankruptcy Tax Act of 1980, "a trustee for an individual chapter 7 bankruptcy estate had a duty to file income tax returns." In connection with the cross motions for summary judgment, the parties filed a stipulation of facts, which are above summarized.
 
 
 8
 Additionally, both parties agreed that in bankruptcy proceedings instituted after March 31, 1981, "the Bankruptcy Tax Act, Section 1398, Internal Revenue Code of 1954 (26 U.S.C.) unequivocally [made] liquidating individual estates taxable."[1] The parties differed, however, concerning the taxability of an individual bankruptcy estate under the pre-1980 law which governs this case, and the duty, if any, of a trustee to file a return.
 
 
 9
 The bankruptcy court held that under the provisions of 26 U.S.C. Sec. 6012, prior to the 1980 amendments, a trustee for a corporation in bankruptcy proceedings had a duty to file a return for income generated during bankruptcy, but that the pre-1980 Sec. 6012 was "silent with regard to a trustee for an individual in bankruptcy."[2] Such "silence," the bankruptcy court reasoned, meant that a trustee of an individual bankruptcy proceeding had no duty to file a return for income generated by the estate, even though the trustee of a bankrupt corporation had a duty to file a tax return for income generated by the bankrupt. The court further reasoned that such was true even though by other statutes a tax may well have been imposed on all income generated in any bankruptcy proceeding, be it a corporate or individual bankruptcy. In other words, even though by statute a tax may have been imposed on the income generated by the bankrupt estate in the Joplin bankruptcy proceeding, the trustee had no duty to file a return because the pre-1980 statute was "silent" and, therefore, imposed no duty on the trustee to file in an individual bankruptcy proceeding.
 
 
 10
 In line with the foregoing, the bankruptcy court entered summary judgment in favor of the trustee and dismissed the claim made by the United States against State Farm. The United States then appealed those orders to the United States District Court for the Eastern District of Oklahoma. The district court affirmed the orders of the bankruptcy court, and from the district court's judgment the United States appeals to this court.
 
 
 11
 The district court agreed with the bankruptcy court that under the pre-1980 version of the statute, 26 U.S.C. Sec. 6012, a trustee in an individual bankruptcy proceeding was under no duty to file a federal tax return. However, the district court disagreed with the suggestion that even though a trustee had no duty to file a return for the income generated by an individual bankruptcy proceeding, a tax was imposed thereon, labelling such to be "inconsistent and illogical." Accordingly, the district court went on to hold that under the applicable statutes, no tax was imposed on income generated by an individual bankruptcy proceeding. Having found "no tax," the district court concluded, in effect, that the "omission" in the pre-1980 26 U.S.C. Sec. 6012(b) was purposeful and consistent. The statutes relied on by the district court in its holding that there was no tax imposed on income generated by an individual bankruptcy proceeding will be discussed later.
 
 
 12
 As indicated, the parties differ as to whether prior to 1980 income generated by an individual's bankruptcy is subject to a tax and whether, if so, the trustee thereof has a duty to file a return. The United States argues that the answer to both propositions is "Yes." The trustee, and State Farm, say the answer to both questions is "No," which was the holding of the district court. We believe both questions should be answered in the affirmative.
 
 
 13
 At the outset, we note the matters agreed on by the parties: (1) income was generated in the Joplin bankruptcy proceedings for the years 1980, 1981, and 1982; (2) if the Joplin proceedings had commenced after March 31, 1981, a tax would be due on such earnings and the trustee would have had a duty to file a return; and (3) prior to the 1980 amendments to the tax laws, income generated by a corporation in bankruptcy was subject to tax and the trustee thereof had a duty to file a return.
 
 
 14
 It is also agreed that the Joplin liquidation proceedings created an "estate." See 11 U.S.C. Sec. 541(a)(2). With that premise the United States asserts that under 26 U.S.C. Secs. 1 and 641 the income generated in the Joplin liquidation proceedings was subject to federal income tax, and further that under 26 U.S.C. Sec. 6012(b)(4), Crain, as trustee, had a duty to file a tax return. We agree with this reading of those statutes.
 
 
 15
 In reaching our decision, we address the relevant portions of the applicable statutes. First, 26 U.S.C. Sec. 1(e) imposes a tax on the "taxable income of--(1) every estate ... taxable under this subsection...." Id. (emphasis added).[3] Second, 26 U.S.C. Sec. 641(a) provides that the tax imposed by 26 U.S.C. Sec. 1(e) "shall apply to the taxable income of estates...."[4] Third, 26 U.S.C. Sec. 6012(b)(4), prior to 1980, provides that returns of an estate "shall be made by the fiduciary thereof."[5]
 
 
 16
 As indicated, it is agreed that the Joplin liquidation proceedings represent an "estate." Such being the case, a fair reading of the foregoing statutes results in a tax on the income of the Joplin estate for which Crain, as the trustee (fiduciary) thereof, shall file a return.
 
 
 17
 Williams v. United States, 667 F.2d 1108 (4th Cir.1981) supports our reading of the applicable statutes. In holding that income arising out of an individual bankruptcy proceeding was taxable even before the Bankruptcy Tax Act of 1980, the Fourth Circuit spoke as follows:
 
 
 18
 In determining whether the Internal Revenue Code (Code) taxes bankruptcy income, we start with the general policy of Sec. 61 that gross income includes "all income from whatever source derived." Unfortunately, although Sec. 61 and other code provisions enumerate many types of income that are taxable, the Code fails to deal explicitly with the income of individual bankruptcy estates.
 
 
 19
 Beyond the sweeping language of Sec. 61, the government points to other Code sections that can be read to tax the income of bankruptcy estates. Bankruptcy estates, says the government, fall within the general provisions of subchapter J, which deals with "Estates, Trusts, Beneficiaries, and Decedents." Section 641(a) of subchapter J declares that "[t]he taxes imposed by this chapter on individuals shall apply to the taxable income of estates or of any kind of property held in trust." Although the decisions are admittedly not uniform, several courts have found this language broad enough to include bankruptcy estates. See Schilder v. United States, 71-2 U.S.T.C. p 9595, at 87, 383, 1971 WL 403 (N.D.Cal.1971); In re Steck, 62-2 U.S.T.C. p 9702 (S.D.Ill.1962); Richardson v. United States, 386 F.Supp. 424 (C.D.Cal.1974), aff'd, 552 F.2d 291 (9th Cir.1977). The Internal Revenue Service has consistently applied this construction of Sec. 641. Thus, Rev.Rul. 68-48, 1968-1 C.B. 301, 302, citing a 1939 General Counsel Memorandum, notes that "income of a bankrupt partnership's estate, like that of a bankrupt individual's estate, should be taxed as income of an estate under section 161 of the Internal Revenue Code of 1939 (predecessor of Sec. 641 of the Internal Revenue Code of 1954)."
 
 
 20
 In re I.J. Knight Realty Corp., 366 F.Supp. 450 (E.D.Pa.1973), cited by the trustee in his income tax return, does not support his position. First, Knight Realty involves a corporate rather than individual bankruptcy, and so is not dispositive here. Even if it were relevant, the court of appeals reversed the district court's holding a year later. 501 F.2d 62 (3d Cir.1974).
 
 
 21
 We are persuaded that the language of Sec. 641 is broad enough to cover the income from individual bankruptcy estates. The Trustee can point to no exemption of such estates from taxation, cf. I.R.C. Sec. 7507 (exempting insolvent banks). Exemptions from taxation are not to be implied. See Bingler v. Johnson, 394 U.S. 741, 751-52, 89 S.Ct. 1439, 1445, 22 L.Ed.2d 695 (1969), and cases cited at 394 U.S. at 752 n. 16, 89 S.Ct. at 1445 n. 16. We therefore hold that Congress intended, even before the Bankruptcy Tax Act of 1980, to tax the income of individual bankruptcy estates.
 
 
 22
 Id. at 1110 (footnotes omitted).
 
 
 23
 We do not regard the fact that 26 U.S.C. Sec. 641(a)(1), (2), (3) and (4) do not specifically list income from an individual bankruptcy estate to be dispositive. The statute initially declares in broad language that the tax imposed by Sec. 1(e) shall apply to the taxable income of estates, "including," and thereafter lists four types of income from trusts or estates that are taxable, but makes no mention of income from individual bankruptcy estates. 26 U.S.C. Sec. 7701(c) provides that "[t]he terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." Accordingly, we disagree with the district court's conclusion that the only estates taxable under 26 U.S.C. Sec. 1(e) are the four examples set forth in 26 U.S.C. Sec. 641(a)(1), (2), (3), and (4).[6] Such reading of the statute ignores the term "including," and substitutes therefor, in effect, the term "limited to."
 
 
 24
 The Judgment granting summary judgment in favor of Crain is reversed. The judgment dismissing United States' claim against State Farm is vacated. The matter is remanded to the district court for further proceedings.[7]
 
 
 
 *
 Honorable Howard C. Bratton, United States District Judge, District of New Mexico, sitting by designation
 
 
 [1]
 The Bankruptcy Tax Act of 1980 was signed into law on December 24, 1980. Its effective date was January 1, 1981, and by its terms, applied to bankruptcy proceedings filed after March 31, 1981. Tax procedure amendments took effect retroactively to October 1, 1979. Provisions of the Act regarding responsibility for filing tax returns took effect 90 days after the date of enactment of the Act
 
 
 [2]
 The Bankruptcy Tax Act of 1980, inter alia, amended subsection 6012(b)(4) to provide that "[r]eturns of an estate, a trust, or an estate of an individual under chapter 7 or 11 of title 11 of the United States Code shall be made by the fiduciary thereof." 26 U.S.C. Sec. 6012(b)(4)
 
 
 [3]
 26 U.S.C. Sec. 1(e) provides, in part, as follows:
 Estates and trusts.--There is hereby imposed on the taxable income of--
 (1) every estate, and
 (2) every trust,
 taxable under this subsection a tax determined in accordance with the following table....
 
 
 [4]
 26 U.S.C. Sec. 641(a) provides as follows:
 Imposition of tax
 (a) Application of tax.--The tax imposed by section 1(e) shall apply to the taxable income of estates or of any kind of property held in trust, including--
 (1) income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;
 (2) income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;
 (3) income received by estates of deceased persons during the period of administration or settlement of the estate; and
 (4) income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.
 Id. (emphasis added).
 
 
 [5]
 26 U.S.C. Sec. 6012(b)(3) and (4), before the 1980 amendments, provides as follows:
 (3) Receivers, trustees and assignees for corporations.--In a case where a receiver, trustee in bankruptcy, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.
 (4) Returns of estates and trusts.--Returns of an estate or a trust shall be made by the fiduciary thereof.
 
 
 [6]
 See also S.R. 1622, 83d Cong., 2d Sess. 339-340, reprinted in 1954 U.S.Code Cong. & Admin.News 4025, 4980, wherein the Senate Finance Committee commented:
 This section corresponds to section 161 of the 1939 Code and provides that the normal and surtaxes imposed by chapter I upon individuals shall apply to the taxable income of estates and to the taxable income of any kind of property held in trust.
 The several classes of income enumerated in paragraphs (1) through (4) of subsection (a) are carried over from section 161 and are illustrative of estate and trust income dealt with in this subchapter; the classification does not exclude other types of estate and trust income which may fall within the purview of this subchapter.
 
 
 [7]
 Other issues, including estoppel, were raised by the parties in the district court. However, the district court, believing that there was no tax liability, did not address the other issues, which on remand it shall now address